IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORINDA INTELLECTUAL PROPERTIES USA HOLDING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONY ELECTRONICS CORP.; SONY COMPUTER ENTERTAINMENT, INC.; and SONY COMPUTER ENTERTAINMENT AMERICA, INC., <br><br> Defendants. | No. C-09-04920 EDL <br><br> **ORDER ALLOWING DEFENDANTS TO FILE A MOTION TO WITHDRAW CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE** |

On October 29, 2009, Defendants filed a Declination To Proceed Before a Magistrate Judge and Request For Reassignment to a United States District Judge. The same day, Plaintiff filed a Response stating that, while this case was pending in the Eastern District of Texas, the parties consented to proceed before a magistrate judge. Plaintiff argues that Defendants' written consent still applies after the case was transferred to the Northern District of California.

On July 28, 2009, counsel for Plaintiff and Defendants signed a written Consent To Proceed Before United States Magistrate Judge voluntarily consenting to have "a United States magistrate judge conduct any and all further proceedings in the case, including trial, order the entry of a final judgment, and conduct all post-judgment proceedings." This consent is not withdrawn simply because of an inter-district transfer of venue, and Defendants' Declination therefore appears to be invalid and ineffectual.

However, in the alternative, Defendants may move to withdraw their prior consent and vacate the reference to a magistrate judge. Withdrawal of consent in civil cases is only permitted in

extraordinary circumstances.  See 28 U,S.C. § 636(c)(4); Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  As of yet, Defendants have not pointed to any extraordinary circumstances.  If Defendants believe that there are extraordinary circumstances warranting withdrawal of consent at this time, Defendants may file a Motion on this issue which the Court will hear on an expedited basis.  Defendants may file an opening brief of no more than ten pages due within one week from the date of this Order.  If Defendants file a motion on this issue, Plaintiff may file an opposition of no more than ten pages within one week from the date Defendants' brief is filed.  If, after reviewing the moving and opposition papers, the Court determines that a reply brief and/or a hearing is necessary, the Court will issue a further order at that time.

Alternatively, if Defendants determine that there are no extraordinary circumstances warranting withdrawal of consent and do not intend to file such a motion, Defendants should either withdraw their Declination or file a brief of up to ten pages within one week of the date of this Order explaining why the Declination was procedurally appropriate.  Plaintiff may then file an opposition of no more than ten pages within one week from the date Defendants' brief is filed.

**IT IS SO ORDERED.**

Dated: October 30, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

2