GREGORY S. GEWIRTZ (Pro Hac Vice)
ggewirtz@ldlkm.com
RAYMOND B. CHURCHILL, JR. (Pro Hac Vice)
rchurchill@ldlkm.com
ANDREW T. ZIDEL (Pro Hac Vice)
azidel@ldlkm.com
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 654-5000; Fax: (908) 654-7866

DUANE M. GECK (State Bar No. 114823)
dmg@severson.com
PHILIP BARILOVITS (State Bar No. 199944)
pb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: (415) 398-3344; Fax: (415) 956-0439

Attorneys for Defendants
SONY CORPORATION, SONY ELECTRONICS INC.,
SONY COMPUTER ENTERTAINMENT INC., and
SONY COMPUTER ENTERTAINMENT AMERICA INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ORINDA INTELLECTUAL PROPERTIES USA HOLDING GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SONY CORPORATION; SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT INC.; AND SONY COMPUTER ENTERTAINMENT AMERICA INC., <br><br> Defendants. | Case No. 3:09-cv-04920-EDL <br><br> **SONY'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDING PENDING REEXAMINATION; AND MEMORANDUM IN SUPPORT OF MOTION TO STAY** <br><br> The Honorable Elizabeth D. Laporte <br><br> Date: February 9, 2010 <br> Time: 9:00 a.m. <br> Courtroom E, 15th Floor |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 9, 2010, at 9:00 a.m., Courtroom E, 15th Floor, or as soon thereafter as the matter may be heard, in the courtroom of The Honorable Elizabeth D. Laporte at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the Court will hear the Sony Parties' motion to stay the case pending resolution of their request for reexamination of U.S. Patent No. 5,438,560 by the United States Patent and Trademark Office. This motion is based on this Notice of Motion; the supporting Memorandum of Points and Authorities; the accompanying declaration of Philip Barilovits; reply papers; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

## STATEMENT OF RELIEF REQUESTED

The Sony Parties respectfully request that the Court stay the case pending the *ex parte* request for reexamination of U.S. Patent No. 5,438,560 by the United States Patent and Trademark Office.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii, iii

I. INTRODUCTION ............................................................................................................ 1

II. STATEMENT OF FACTS ............................................................................................... 2

    A. The '560 Patent............................................................................................................ 2

    B. The Filing And Subsequent Transfer Of This Action................................................. 2

III. ARGUMENT................................................................................................................... 3

    A. The Legal Standard..................................................................................................... 3

    B. The Early Stage Of This Case Favors The Grant Of A Stay ..................................... 4

    C. The Reexamination Has Great Potential To Simplify Or Completely Moot This Litigation...................................................................................................................... 6

    D. There Is No Issue Of Undue Prejudice Or Tactical Disadvantage ............................. 7

    E. The Court Can And Should Enter A Stay At This Time ............................................ 9

IV. CONCLUSION.............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*ASCII Corp. v. STD Entm't USA, Inc.*,
    844 F. Supp. 1378 (N.D. Cal. 1994) ..................................................................... 3, 5, 9

*eBayInc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ............................................................................................................ 7

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
    609 F. Supp. 2d 951 (N.D. Cal. 2009) ......................................................................... 8

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    No. C05-03116, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ............................... 5, 7

*Nanometrics v. Nova Measuring Instruments Ltd.*,
    No. 06-2252, 2007 WL 627920 (N.D. Cal. Feb. 26, 2007) ................................. 4, 5, 7

*Network Appliance, Inc. v. Sun Microsys., Inc.*,
    No. 07-06053, 2008 WL 2168917 (N.D. Cal. May 23, 2008) ............................... 3, 4, 6

*Network Appliance Inc. v. Sun Microsys.*,
    No. C-07-06053, 2008 WL 4821318 (N.D. Cal. Nov. 3, 2008) ................................. 7

*Paice LLC v. Toyota Motor Corp.*,
    No. 2:04-cv-21, 2006 WL 2385139 (E.D. Tex. Aug. 16, 2006) *aff'd* in pertinent part,
    504 F.3d 1293 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2430 (2008) ...................... 8

*Photoflex Prods. v. Circa 3 LLC*,
    No. C 04-03175, 2006 WL 1440363 (N.D. Cal. May 24, 2006) ................................. 9

*Speedtrack, Inc. v. Wal-Mart.com USA, LLC*,
    No. C 06-7336, 2009 WL 281932 (N.D. Cal. Feb. 5, 2009) ....................................... 4

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
    33 U.S.P.Q. 2d 2022 (N.D. Cal. 1995) ............................................................................ 5

*Telemac Corp. v. Teledigital, Inc.*,
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) ......................................................................... 8

*Tse v. Apple, Inc.*,
    No. 06-06573, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ........................... 3, 4, 5, 6, 7, 9

*Yodlee, Inc. v. Ablaise Ltd.*,
    Nos. C-06-07222, C-06-02451, C-07-01995, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ... 4

*Z4 Techs., Inc. v. Microsoft Corp.*,
    434 F. Supp. 2d 437 (E.D. Tex. 2006), aff'd, 507 F.3d 1340 (Fed. Cir. 2007) ............ 8

1
2
3 **Statutes, Rules & Other Authorities**

4 35 U.S.C. § 303(a) ............................................................................................................................3

5 *Manual of Patent Examining Procedure* § 2601 (8th ed. 2008) ......................................................3

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Sony Corporation, Sony Electronics Inc., Sony Computer Entertainment Inc., and Sony Computer Entertainment America Inc. (collectively "Sony") respectfully submit this memorandum in support of their motion to stay proceedings in this patent infringement action pending the final outcome of reexamination of U.S. Patent No. 5,438,560 ("the '560 Patent"), owned by plaintiff Orinda Intellectual Properties USA Holding Group, Inc. ("Orinda").

All relevant factors militate strongly in favor of this Court exercising its discretion to stay this action. First, reexamination of the '560 Patent has substantial potential to simplify this action — the '560 Patent is the only patent at issue in this case, it has only three claims, and Sony has sought reexamination of all three claims. There is a strong likelihood in this case that the only three patent claims at issue may be canceled (or at least narrowed) in reexamination, which could moot this entire action.

With regard to the stage of the litigation, it is indisputable that other than the transfer of this case from the Eastern District of Texas to this Court, there has been no substantive proceeding in this case. While initial disclosures have been exchanged there has been no discovery taken or otherwise provided in this case.

Finally, a stay will neither prejudice Orinda nor impose any tactical disadvantage on it. The '560 Patent is due to expire in four years and Orinda is a nonpracticing patent owner. Thus, this case is unlikely to lead to injunctive relief and is therefore solely about monetary relief. Even if Orinda succeeds, it would be entitled to the same compensation whether or not this case is stayed pending the reexamination proceeding.

Accordingly, for these and other reasons which will be explained below in further detail, all relevant factors militate in favor of the stay requested by Sony.

## II. STATEMENT OF FACTS

### A. The '560 Patent

The '560 Patent issued on August 1, 1995, and is entitled "Apparatus and Method for Recording/Reproducing Optical Information and Optical Disk-Shaped Recording Medium." (Declaration of Philip Barilovits ("Barilovits Decl." Exh. A.) The '560 Patent has a total of three claims, each of which is independent. Claims 1 and 3 are directed to a method of recording (*i.e.*, writing) optical information to an optical disk; and claim 2 is directed to reproducing (*i.e.*, reading) optical information from an optical disk. Each of the three claims share a number of common method steps. Only four prior art references were cited during prosecution of the '560 Patent.

### B. The Filing And Subsequent Transfer Of This Action

Orinda filed its complaint alleging patent infringement by Sony on August 20, 2008. (Dkt.1.) For strategic reasons known only to Orinda, it filed this action in the Eastern District of Texas, even though neither Orinda nor Sony had any connection with that district.

On December 19, 2008, Sony filed its motion to change venue to this district. (Dkt.19.) Briefing on that motion was completed on February 9, 2009, with the filing of a surreply by Orinda. (Dkt.30.) However, by the time a status conference took place on July 28, 2009, the motion to change venue had not yet been decided. The parties then consented to have all proceedings in this case, including the transfer motion, decided by Magistrate Judge Charles Everingham. The case was then assigned to Magistrate Judge Everingham for all further proceedings. (Dkt.39.)

Sony's motion was granted on September 29, 2009 (Dkt.52.), and this case was then transferred to this district from the Eastern District of Texas on October 16, 2009 (Dkt.53). On the same day, this Court scheduled a case management conference for January 26, 2010. (Dkt.54.)

On August 27, 2009, while the case remained pending in Texas, Orinda served its disclosure of asserted claims and infringement contentions. (Barilovits Decl. Exh. B.) On

September 11, 2009, both Orinda and Sony served initial Rule 26 disclosures. (Dkts.50, 51.) But as of the filing of this motion, neither Sony nor Orinda has taken any discovery or provided any other information to the other party.

On December 21, 2009, Sony filed a request for ex parte reexamination of the '560 Patent with the United States Patent and Trademark Office ("PTO"). (Barilovits Decl. Exh. C.)[1] Sony's request for reexamination relies in part on the positions Orinda took in its August 27, 2009 infringement contentions. Sony advised the PTO that if the claims of Orinda's '560 Patent were given the broad scope needed for Orinda to contend infringement by Sony, the claims would necessarily be invalid over prior art, including several new prior art references that are more relevant than any of the four prior art references considered by the PTO in connection with the original examination of the '560 Patent.

Under 35 U.S.C. § 303(a), the PTO is required to decide whether a substantial new question of patentability has been presented within three months of the filing of a request. Accordingly, the PTO must decide whether the reexamination will go forward no later than March 22, 2010.

## III. ARGUMENT

### A. The Legal Standard

It is well established in this district that courts have the discretion to stay infringement actions pending the outcome of patent reexamination, but they are not required to do so. *See Network Appliance, Inc. v. Sun Microsys., Inc.*, No. 07-06053 (EDL), 2008 WL 2168917, at *2 (N.D. Cal. May 23, 2008) ("*Network Appliance I*"); *Tse v. Apple, Inc.*, No. 06-06573 (SBA), 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007).

This Court has also recognized the merit behind granting motions to stay pending the outcome of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery, as in this case. *Network Appliance I*, 2008

---

[1] Because the application which matured into the '560 Patent was filed on October 1, 1993, *inter partes* reexamination is not available. *See* United States Patent and Trademark Office, *Manual of Patent Examining Procedure* § 2601 (8th ed. 2008) (noting that on patents issuing from applications filed prior to November 29, 1999, *inter partes* reexamination is not available).

WL 2168917, at *2; *Tse*, 2007 WL 2904279, at *1; *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Courts in this district have developed a three-part inquiry to assist in deciding whether a case should be stayed pending reexamination:

(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Speedtrack, Inc. v. Wal-Mart.com USA, LLC*, No. C 06-7336, 2009 WL 281932, at *1 (N.D. Cal. Feb 05, 2009); *see also Yodlee, Inc. v. Ablaise Ltd.*, No. C-06-07222, C-06-02451, C-07-01995, 2009 WL 112857, at *2 (N.D. Cal. Jan 16, 2009); *Network Appliance I*, 2008 WL 2168917, at *2; *Tse*, 2007 WL 2904279, at *2.

Each of these factors strongly favors granting the motion to stay this action pending the outcome of the reexamination.

### B. The Early Stage Of This Case Favors The Grant Of A Stay

In numerous cases within this district, courts have granted stays by relying, at least in part, on the fact that most of the substantive work in the case remains ahead and could thus be obviated by the reexamination. *See, e.g., Network Appliance I*, 2008 WL 2168917, at *2 (claim construction hearing still a few months away; no depositions scheduled or taken; expert witnesses not yet disclosed; no documents produced other than those required by local patent rule disclosures; no trial date set; preliminary infringement and invalidity contentions were already exchanged; this factor held to weigh in favor of granting the requested stay); *Tse*, 2007 WL 2904279, at *2 (litigation was "still in its nascent stages. Discovery [had] opened, but [had] not proceeded in any material way"; neither party had served written discovery or noticed depositions; parties had not exchanged claim construction terms and only preliminary infringement contentions had been exchanged); *Nanometrics v. Nova Measuring Instruments Ltd.*,

No. 06-2252, 2007 WL 627920, at *2 (N.D. Cal. Feb. 26, 2007) (case had been pending for nine months but "still in the early stages"; discovery had commenced but no claim construction briefs had been filed; trial remained in distant future; stage of litigation held to favor a stay); *ASCII*, 844 F. Supp. at 1381 ("[T]he parties are in the initial stages of the lawsuit and have undertaken little or no discovery. Moreover, the case has not been set for trial, nor have the parties agreed to go forward with the lawsuit."); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C05-03116, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006) ("discovery has just begun"; initial document requests and responses were just beginning; no discovery had been taken as to one patent; and the technical "tutorial" of the patents had not yet taken place); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d (BNA) 2022, 2023 (N.D. Cal. 1995) ("case is in its incipient stages"; stay granted pending the outcome of a second reexamination).

Orinda may argue that this case is not at an early stage because the complaint was filed more than a year ago. Such an argument is not persuasive because, other than the transfer of this case from the Eastern District of Texas to this Court, there has been no substantive proceeding. In fact, most of this case was consumed by proceedings in connection with the change of venue, as a result of Orinda having initiated this suit in the Eastern District of Texas, even though this district was more convenient to the parties in suit.

This district has stated that notwithstanding numerous docket entries, "motion practice is not automatically equated with progress in the litigation." *Tse*, 2007 WL 2904279, at *1; *see also Yodlee*, 2009 WL 112857, at *4. In *Tse*, the plaintiff filed its complaint in the district of Maryland on August 5, 2005, the case was been transferred to this District on October 20, 2006, yet the court granted the motion to stay on October 4, 2007, some 26 months after the complaint had been filed. *See Tse*, 2007 WL 2904279, at *1; *see also Yodlee*, 2009 WL 112857, at *4 (notwithstanding numerous docket entries, "motion practice is not automatically equated with progress in the litigation . . ."). In considering the stage of the litigation as a factor in determining whether a stay should be granted, the issue is not how much time has already elapsed by virtue of Orinda's forum shopping. The relevant issue is how much work remains ahead to adjudicate this

case, assuming that the case is not mooted by the reexamination. Without question, the overwhelming majority of expenditures of time and resources by the Court and the parties remain in the future. In fact, neither party has any pending discovery requests, and the initial Case Management Conference is scheduled to take place on January 26, 2010. Therefore, this factor strongly favors the granting of a stay.

### C. The Reexamination Has Great Potential To Simplify Or Completely Moot This Litigation

Courts in this district have recognized that in a large percentage of *ex parte* reexaminations, the claims are either canceled or modified. *See, e.g., Tse*, 2007 WL 2904279, at *3 (noting statistics indicating that 91% of all requests for reexamination are granted); *Network Appliance I*, 2008 WL 2168917, at *3 (noting that the PTO cancels all claims in 12% of ex parte reexaminations and modifies them in 59% of *ex parte* reexaminations). The most recent statistics posted on the PTO's Web site compiling all data on *ex parte* reexamination filings over an 18-year period (from July 1, 1981 to June 30, 2009) are consistent with those discussed in the *Tse* and *Network Appliance I* cases: 92% of *ex parte* reexamination requests are granted, claims are amended in 64% of ex parte reexaminations, and all claims are canceled in 11% of them. (Barilovits Decl. Exh. D.)

The potential to simplify or moot the entire proceeding is particularly strong in this case as it involves a single patent with only three claims, all of which are at issue in the reexamination request. Thus, if the PTO agrees with Sony's reexamination request, this entire case would be moot.

In some prior cases, this Court has been confronted with requests to stay proceedings where multiple patents were involved, and/or where the patents-in-suit contained numerous claims, some of which were under reexamination while others were not. *See, e.g., Network Appliance I* (plaintiff had asserted twelve patents against defendant, and defendant had asserted

seven patents against plaintiff; case stayed as to one patent where all claims of that patent were under rejection in reexamination).[2]

Other cases have provided far more straightforward situations. For example, in *Nanometrics*, a stay was granted where only one patent was in dispute. The same was true in *Tse*, noting that if the PTO were to find invalid the asserted claims of the one patent-in-suit, the action would be rendered moot; and if the claims were narrowed by the PTO, the scope of the litigation might be significantly simplified. *Tse*, 2007 WL 2904279, at *3.

In this case, as in *Nanometrics* and *Tse*, only a single patent is at issue. That patent; namely, Orinda's '560 Patent, has only three claims, and Sony's request for reexamination addresses all three of those claims. In this case, as in *KLA-Tencor*:

[T]he only claims in the case are for patent infringement. Therefore, the Court finds that there are no issues in the case unrelated to patent infringement for which the PTO's expertise resulting from the reexamination process would not be helpful.

*KLA-Tencor*, 2006 WL 708661, at *5.

Accordingly, it is likely that reexamination will substantially simplify or even completely moot the present infringement action.

### D. There Is No Issue Of Undue Prejudice Or Tactical Disadvantage

Orinda may argue that if the '560 Patent survives reexamination, and if Orinda thereafter prevails in this litigation, the '560 Patent may have expired, and no injunction would be available. However, Orinda's argument would be tenuous at best, since it is unlikely that it, as a nonpracticing entity, could obtain an injunction even if it were to prevail in this action. This case is only about compensation to Orinda. And, although Sony believes it is clear that Orinda is not entitled to any payment as the '560 Patent is invalid and not infringed, Orinda would not experience any prejudice if it prevails as it can be made whole by payment.

---

[2] Five months later, by which time extensive discovery had taken place, and some claim terms had been construed, the Court declined to stay the case as to another patent which was now under rejection by the PTO. *See Network Appliance Inc. v. Sun Microsys.*, No. C-07-06053, 2008 WL 4821318 (N.D. Cal. Nov. 3, 2008) ("*Network Appliance II*").

In *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006), the Supreme Court recognized that a nonpracticing entity is typically not entitled to injunctive relief in a patent case. Although the Court held that a patentee's lack of commercial activity in practicing its patent did not automatically preclude it from establishing irreparable harm in the context of a permanent injunction, such irreparable harm was unlikely to exist except in rare instances involving some patent holders such as university researchers or self-made inventors who lack the necessary financing to commercialize their inventions. Since Orinda is not a university or self-made inventor, it can not argue that it falls into one of these categories of nonpracticing patent holders.

In subsequent cases, the general rule has been strengthened and nonpracticing patent owners like Orinda often have been unsuccessful in obtaining injunctive relief. *See, e.g., Z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437 (E.D. Tex. 2006) (patentee which had not commercialized invention denied injunction against willful infringer); *Paice LLC v. Toyota Motor Corp.*, No. 2:04-cv-211, 2006 WL 2385139, at *2-*6 (E.D. Tex. Aug. 16, 2006); *aff'd* in pertinent part, 504 F.3d 1293 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2430 (2008), (injunction denied where patentee merely licenses the patent, but does not manufacture any product that uses the patent); *see also Hynix Semiconductor Inc. v. Rambus, Inc.*, 609 F. Supp. 2d 951, 968 (N.D. Cal. 2009) ("Where an infringer's conduct will not harm the patent holder, enjoining that conduct is an abuse of discretion.") (emphasis in original).

There is no question here that Orinda is a nonpracticing patent owner. Indeed, its full name is Orinda Intellectual Properties USA Holding Group, Inc. Sony is aware of no evidence in this record — or even an allegation in the complaint — that Orinda itself makes or sells any product that employs the methods claimed in the '560 Patent.

Nor is this a case where Sony "may lack the resources to compensate" Orinda in the event of a finding of infringement. *See Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). Moreover, "[g]ranting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation."

*Photoflex Prods. v. Circa 3 LLC*, No. C 04-03175, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006).

Accordingly, Orinda cannot demonstrate that a stay pending the outcome of the reexamination proceeding would subject it to any prejudice or put it at a tactical disadvantage. Thus, as with the two other factors discussed above, the undue prejudice factor also clearly favors the granting of a stay.

### E. The Court Can And Should Enter A Stay At This Time

Although the PTO has not yet acted on Sony's request for reexamination, Sony respectfully requests that the Court enter a stay effective immediately. *Tse*, 2007 WL 2904279, at *1 (Stay granted in patent infringement case before PTO had decided whether to grant defendants' reexamination request of the single asserted patent); *ASCII*, 844 F. Supp. at 1381 (Stay granted in a patent infringement case based on party's contemplated filing for reexamination of single asserted patent); *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (Stay granted in patent infringement case before PTO had decided whether to grant defendant's reexamination request of the asserted patent).

The parties are about to embark on significant efforts in discovery and toward preparing this case for trial, all of which would prove unnecessary if the reexamination proceeds adversely to Orinda. To be sure, in the unlikely event that the PTO does not grant Sony's request for reexamination, the stay requested herein will be short indeed (the PTO is required to issue a decision on Sony's reexamination request no later than March 22, 2009) and no prejudice would have incurred.

In *ASCII*, the request for stay was filed before the request for reexamination was even submitted to the PTO. The court viewed this as "a distinction without a difference because the court has the inherent ability to grant a stay of proceedings" and therefore the court directed the moving party to file its request for reexamination within 30 days. *ASCII*, 844 F. Supp. at 1380-81.

Accordingly, in this case, where the request for reexamination is already on file with the PTO, the Court can maximize the potential savings of effort and resources by granting the stay now without waiting for the PTO's initial ruling.

IV. **CONCLUSION**

For all of the foregoing reasons, the Court should stay this action pending final resolution of Sony's request for reexamination of the '560 Patent.

Respectfully submitted,

DATED: January 5, 2010

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 654-5000
Fax: (908) 654-7866


By: /s/ Gregory S. Gewirtz
    Gregory S. Gewirtz


Duane M. Geck
Philip Barilovits
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: (415) 398-3344
Fax: (415) 956-0439


By: /s/ Philip Barilovits
    Philip Barilovits

Attorneys for Defendants
SONY CORPORATION; SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT INC., AND SONY COMPUTER ENTERTAINMENT AMERICA INC.

I, Philip Barilovits, am the EFC user whose identification and password are being used to file this Motion to Stay. I hereby attest that Gregory S. Gewirtz has concurred in this filing.

/s/ Philip Barilovits